**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CLYDE HARNAGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 05-3098-JTM** |
| | ) |
| **R. D. SWANSON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

**MEMORANDUM AND ORDER**

Plaintiff is currently incarcerated in a federal prison in Florence, Colorado. This matter is before the court on plaintiff's motion for the appointment of counsel (Doc. 31). For the reasons set forth below, the motion shall be DENIED WITHOUT PREJUDICE.

The incidents giving rise to this lawsuit occurred while plaintiff was a prisoner at the Leavenworth prison facility. Plaintiff alleges that defendants were deliberately indifferent to his medical needs by allowing him to be exposed to second hand smoke. Plaintiff also alleges that certain defendants physically assaulted him. As noted above, plaintiff seeks the appointment of counsel to represent him.

In evaluating whether to appoint counsel to represent plaintiff, the court considers (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. See Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992). Thoughtful and prudent care in appointing representation is necessary so that

willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from volunteering their time. Id. at 1421.

With respect to the above factors, the court notes that plaintiff has limited resources and has been granted leave to proceed *in forma pauperis*.   However, plaintiff has made no showing of any search for counsel.   More importantly, review of the complaint reveals that plaintiff is articulate and has  the capacity to prepare and present his claims without the aid of counsel.   Under the circumstances, the court declines to appoint counsel to represent plaintiff at this time.

**IT IS THEREFORE ORDERED** that plaintiff's motion for the appointment of counsel **(31)** is **DENIED WITHOUT PREJUDICE.**

Dated at Wichita, Kansas this 12th day of August 2004.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge